UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENERGY & ENVIRONMENT LEGAL INSTITUTE   )
  722 12th Street NW, 4th Floor   )
  Washington, DC 20005   )
     )
FREE MARKET ENVIRONMENTAL   )
  LAW CLINIC   )
9033 Brook Ford Road   )
Burke, Virginia, 22015   )
     )
      Plaintiffs,   )
     )
    v.   )   Civil Action No. 15-217
     )
UNITED STATES SECURITIES AND   )
  EXCHANGE COMMISSION   )
  100 F Street, NE   )
  Washington, DC 20549   )
     )
      Defendant.   )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") and FREE MARKET ENVIRONMENTAL LAW CLINIC ("FME Law") for their complaint against Defendant UNITED STATES SECURITIES AND EXCHANGE COMMISSION ("SEC" or "the Commission"), allege as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under one FOIA request seeking certain described records relating to SEC's interactions with various investor-activist groups.

2. Specifically, Plaintiffs' request sought copies of certain described correspondence (emails and text messages) among named parties, and copies of correspondence sent to or from certain named SEC employees and containing one or more of six keywords or phrases.

3. SEC acknowledged Plaintiffs' request and assigned it tracking number 15-01086-FOIA.

4. On January 29, 2015, at Defendant's deadline to provide the required substantive response, Plaintiffs sent SEC a letter reminding it of its duties to provide responsive records or respond to Plaintiffs request in accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

5. On January 30, 2015, SEC responded by claiming it was diligently processing the request at issue. It did not, however, delineate the scope of responsive records or the nature of any possible exemptions as required of any response, as Plaintiffs specifically reminded was SEC's obligation and as explained in *CREW v. FEC*, 711 F.3d at 180.

6. Plaintiffs sent a follow-up reminder to Defendant of this *CREW* obligation, again specifically seeking a response meeting FOIA's requirements as set forth in that opinion.

7. Defendant SEC did not respond, and has yet to provide the requested records or response.

8. Accordingly, Plaintiffs file this lawsuit to compel the Commission to comply with the law and produce responsive public records subject to legitimate withholdings.

**PARTIES**

9. Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research, public policy and public interest litigation center incorporated in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. E&E Legal's programs include analysis, publication and a transparency initiative

seeking public records relating to environmental and energy policy and how policymakers use public resources.

10. Plaintiff Free Market Environmental Law Clinic (FME Law) is a nonprofit research, public policy based, and public interest litigation center based in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy.  FME Law's programs include research, publication and litigation and include a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

11. Defendant Securities and Exchange Commission is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this suit is brought in the District of Columbia, and because Plaintiffs both maintain offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

13. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiffs resides in the District of Columbia, and Defendant is an agency of the United States.

## LEGAL ARGUMENT

14. Transparency in government is the subject of high-profile promises from the president and Attorney General of the United States arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

15. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i).  Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions.

16. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Regardless, neither circumstance applies in the instant mater.

17. Subject to legitimate withholding, Defendant Securities and Exchange Commission owes Plaintiffs records responsive to the request at issue in this suit, which reasonably described requested information and was otherwise filed in compliance with applicable law and regulation, and has failed to provide them in violation of statutory deadlines.

### FIRST CLAIM FOR RELIEF
### Seeking Declaratory Judgment

18. Plaintiffs re-allege paragraphs 1-17 as if fully set out herein.

19. Plaintiffs have properly sought and been constructively denied responsive records reflecting the conduct of official business, as SEC has failed to provide either responsive records or a substantive response to the FOIA request at issue in this case.

20. Plaintiffs ask this Court to enter a judgment declaring that:

    a. SEC correspondence as specifically described in Plaintiffs' FOIA request, and any attachments thereto, are public records, and as such, are subject to release under FOIA;

    b. The SEC must release those requested records or segregable portions thereof subject to legitimate exemptions;

    c. The SEC may not assess or seek costs and fees for the request at issue in this case, as Plaintiffs are entitled to a waiver of their fees under FOIA and the agency has acknowledged Plaintiffs' standing as media outlets for FOIA purposes.

## SECOND CLAIM FOR RELIEF
### Seeking Injunctive Relief

21. Plaintiffs re-allege paragraphs 1-20 as if fully set out herein.

22. Plaintiffs are entitled to injunctive relief compelling Defendant to produce all records in its possession responsive to Plaintiffs' FOIA request, subject only to legitimate withholdings.

23. Plaintiffs ask the Court to order the Defendant to produce to Plaintiffs, within 10 business days of the date of the order, the requested records described in Plaintiffs' FOIA request, subject to legitimate withholdings.

24. Plaintiffs ask the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiffs receive the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for

resolution of remaining issues associated with Plaintiffs' challenges to Defendant's withholds and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

25. Plaintiffs re-allege paragraphs 1-24 as if fully set out herein.

26. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

27. Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of Defendant's failure to provide the records or otherwise the required response to the FOIA request at issue in this case.

28. Plaintiffs ask the Court to order Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

Respectfully submitted this 12th day of February, 2015,

_____/s/_____

Christopher C. Horner
D.C. Bar No. 440107
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458
CHornerLaw@aol.com

David W. Schnare
D.C. Bar No.
9033 Brook Ford Road
Burke, VA 22015
(571) 243-7975
SchnareFME@gmail.com

*Attorneys for Plaintiffs*

6